22760

In the Interest of DUANE M., age 15, Appellant.
(359 S. E. (2d) 57)

Supreme Court

*Deborah Wright,* of *Stuckey & Kobrovsky,* Charleston, and *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Sol. Charles M. Condon,* Charleston, *for respondent.*

Heard June 9, 1987.

Decided Aug. 3, 1987.

GREGORY, Justice:

Appellant was adjudicated delinquent upon finding he was guilty of murder and assault and battery with intent to kill. We reverse and remand.

Appellant was fifteen years old at the time of the alleged offenses. Judge Rivers held a hearing in Family Court to determine whether appellant should be transferred to General Sessions Court for trial as an adult pursuant to S. C. Code Ann. § 20-7-430 (1985). The transfer was denied. Appellant was then tried in the Family Court by Judge Board and adjudicated delinquent.

The limited purpose of a transfer hearing is to determine whether a transfer is in the child's or the public's best interest. Appellant moved at this hearing to suppress a statement he had given police officers implicating himself in the beating of two men, one of whom died from his injuries. Judge Rivers found the statement voluntary upon the totality of the circumstances. At the adjudicatory hearing, Judge Board refused to consider appellant's suppression motion and instead relied on Judge Rivers' ruling that the statement was voluntary. Appellant contends he is entitled to contest the voluntariness of his statement at the adjudicatory hearing. We agree.

The determination of voluntariness is ultimately for the fact-finder at trial after an initial determination of a statement's admissibility. *State v. Adams,* 279 S. C. 228, 306 S. E. (2d) 208 (1983). Judge Board was the fact-finder in this nonjury trial and should have considered the voluntariness of appellant's statement. We express no opinion as to the correctness of Judge Rivers' finding of voluntariness and hold only that this issue must be resolved at trial.

We need not address appellant's remaining exceptions in light of our disposition in this case. Accordingly, the ad-

judication of the Family Court is reversed and the case is remanded for a new adjudicatory proceeding.

Reversed and remanded.

NESS, C. J., HARWELL and FINNEY, JJ., and Acting Associate Justice BRUCE LITTLEJOHN, concur.